KELLY, Circuit Judge,
concurring in part and dissenting in part.
Like the district court and the parties did, I would treat this case as involving a single disability discrimination claim-— based on events spanning 2012 and 2013— rather than as two discrete disability discrimination claims — one based on events occurring in 2012, and one based on events *453 occurring in 2013. Therefore, because Faidley produced evidence that he was qualified for the feeder driver position, I would reverse and remand the entire matter of the alleged disability discrimination to the district court. I otherwise concur in all other aspects of the court’s opinion. I appreciate the separate partial dissent’s concern that employers should not be punished for exceeding the requirements of the ADA, but I think Blood’s belief that Faidley could perform the job functions of a feeder driver is sufficient evidence that he was qualified for that position to survive summary judgment.